# In the United States Court of Federal Claims

No. 09-819C
(Filed:  February 22, 2011)

```
* * * * * * * * * * * * * * * *
                               *
ACCELERATED INTERNATIONAL      *
FORWARDERS, LLC, et al.,       *
                               *
            Plaintiffs,        *
                               *
v.                             *
                               *
THE UNITED STATES,             *
                               *
            Defendant.         *
                               *
* * * * * * * * * * * * * * * *
```

### ORDER ON DEFENDANT'S MOTION FOR A MORE
### DEFINITE STATEMENT AND PLAINTIFFS' MOTION FOR
### WAIVER OF THE REQUIREMENTS OF APPENDIX I

Pending before the court is the defendant's motion for a more definite statement of the plaintiffs' claims, seeking compliance with certain requirements under Appendix I (Procedure in Carrier Cases) of the Rules of the United States Court of Federal Claims ("RCFC").  The plaintiffs have cross-moved for a waiver of the procedural requirements of RCFC Appendix I and request that the court proceed under RCFC Appendix A (Case Management Procedure).

**I. BACKGROUND**[1]

The plaintiffs are five Transportation Service Providers ("TSPs") that contracted with the Surface Deployment and Distribution Command ("SDDC") to provide transportation services for the Department of Defense ("DOD") pursuant to government bills of lading ("GBLs"). The SDDC is a DOD organization responsible for, among other things, managing the procurement of international personal property shipment programs. To facilitate these programs, the SDDC solicits qualified carriers to submit rates for international shipments of personal property, including household goods and unaccompanied baggage, of military and civilian personnel for certain periods of time. In response to these solicitations, TSPs that are interested in participating in the procurement programs tender single factor rates for shipments ("SFRs") to be effective during the period of time covered by the SDDC solicitation. All five plaintiffs tendered SFRs for the performance of shipping services for household goods and unaccompanied baggage for International Personal Property Rate Solicitations ("International Solicitations") I-13, I-14, I-15, I-16, I-17, I-18, and I-19. Of particular relevance to this case are International Solicitations I-17, effective October 1, 2006 through March 31, 2007, I-18, effective April 1, 2007 through September 30, 2007, and I-19, effective October 1, 2007 through March 31, 2008. Am. Compl. ¶ 20. Beginning October 1, 2001, TSPs were allowed to bill SDDC for reimbursement of congestion ("CON") surcharges and the reimbursement

---

[1] The following background facts are taken from the pleadings and are undisputed.

of CON surcharges expired by March 31, 2008, concurrent with the expiration of I-19.

The plaintiffs' complaint, filed November 25, 2009 and amended May 7, 2010, lists claims totaling $849,284.49 for CON surcharges on approximately 38,000 GBLs. Rather than following the procedures for carrier cases set forth in RCFC Appendix I, the plaintiffs filed appendices identifying for each claim the GBL numbers, the amount of unpaid CON surcharges, and in some instances the dates of payment and dates of shipment. On December 16, 2010, the defendant filed a motion for a more definite statement of the plaintiffs' claims. The defendant seeks compliance with certain requirements under RCFC Appendix I, Rule 1(b)(7)(B).[2] In particular, the defendant

---

[2] RCFC Appendix I, Rule 1(b)(7), in relevant part, requires a carrier in a suit for the recovery of freight transportation charges to provide the following factual information:

(A) List of Carrier's Bills in Dispute. . . .
(B) Detail for Each Bill of Lading. For each bill of lading in dispute, covered by each bill referred to in paragraph (A), above, the following facts:
    (i) the number and symbol of each bill of lading;
    (ii) the date of the shipment;
    (iii) the origin and the destination of the shipment;
    . . .
    (ix) the total freight charges on each bill of lading;
    . . .
    (xii) the total amount paid to the carrier;
    (xiii) the balance due;
    (xiv) a specific reference to the item or items in designated tariffs authorizing the charges claimed, including the classification rating, if necessary, and authorization for any accessorial charges claimed; or a specific reference to a government rate quotation;
    (xv) the government file reference number as obtained from the GSA notice of overcharge, the Certificate of Indebtedness, or any other document issued by GSA, or, in the event there is no GSA reference number, the name of the government paying agency and bureau, the disbursing office voucher number, and the date of payment;
    . . .

seeks compliance with RCFC Appendix I to the extent it requires (1) the date of the GBL shipments, to confirm that none of the shipments occurred before October 1, 2006, when I-17 was in effect or after March 31, 2008, when I-19 expired; (2) the date of initial payments by the government, to confirm that no claims were filed outside the three-year limitations period; and (3) the date of any CON payments received by the plaintiffs after the lawsuit was filed. The plaintiffs have filed a cross-motion for a waiver of the procedural requirements of RCFC Appendix I, requesting that the court proceed under RCFC Appendix A. Briefing was completed on these issues on January 18, 2011.

## II. DISCUSSION

As discussed in the court's separate order on the parties' cross-motions for partial summary judgment, filed February 22, 2011, the government does not deny liability in this case, but argues that under the current pleadings the government is not sufficiently on notice as to whether the plaintiffs' claims fall within both the effective dates for reimbursement of CON surcharges and the relevant statute of limitations. The government also argues that it has paid some CON surcharges after the lawsuit was filed and the plaintiffs should identify those specific CON surcharge payments.

The plaintiffs argue that by providing the defendant with each GBL number and the amounts claimed to be owed they have provided the government with sufficient

---

(xvii) a brief statement as to the basis for the claim or other brief statement that the carrier deems necessary to explain the peculiarities of the shipment

RCFC App. I, R.1.

information for it to determine whether any individual plaintiff is entitled to payment for lawful CON surcharges and then make payment. In the alternative, the plaintiffs have cross-moved for a waiver of the procedural requirements of RCFC Appendix I, requesting that the court proceed under RCFC Appendix A.

The plaintiffs agree that they are not entitled to reimbursement for CON surcharges for GBLs with dates of shipment after March 31, 2008. The plaintiffs also agree that they are not entitled to payment for any claim filed three years after the plaintiff received initial payment.[3] The plaintiffs do not dispute that they are not entitled to double payment if they have been paid but argue here and in response to the government's

---

[3] The plaintiffs' claims are timely if they are filed within three years of the date of payment pursuant to the Interstate Commerce Act ("ICA"), 49 U.S.C. § 11705 (2006). The ICA "provides for a 'civil action to recover charges for transportation or service provided by [a common] carrier,' including transportation for the United States." Allstar Mayflower, LLC v. United States, 93 Fed. Cl. 169, 170 (2010) (quoting 49 U.S.C. § 11705(a), (f)) (alteration in original). The statute establishes a limitations period for a common carrier to file such an action against the government within three years from the date of "(1) payment of the rate for the transportation or service involved; (2) subsequent refund for overpayment of that rate; or (3) deduction made under section 3726 of title 31, whichever is later." 49 U.S.C. § 11705(f). The three-year limitations period contained in the ICA "governs all actions seeking payment of the 'charges' owed on a common carrier agreement for 'transportation services' with the government." Inter-Coastal Xpress, Inc. v. United States, 296 F.3d 1357, 1359-60, 1367-68 (Fed. Cir. 2002) (finding that claims against the United States for "holdover" charges, payments allegedly owed by the government for requiring a common carrier to pick up a shipment one day and deliver it the following day, were governed by the ICA and creating a "bright-line" rule that the ICA provides the jurisdictional time frame for filing any claim arising from a transportation services contract with the government). "Payment" under the ICA "occurs once the government purports to pay all that it owes under its transportation-services agreement." Id. at 1375. The filing periods established by the ICA are jurisdictional in nature, operating as a limit on the waiver of sovereign immunity by the Tucker Act, 28 U.S.C. § 1491(a)(1) (2006), which otherwise entitles a contractor to sue the government in this court. Id. at 1365. Therefore, to the extent any of the plaintiffs' claims for CON surcharges arising out of government contracts for transportation services fall outside of the ICA's three-year limitations period, those claims are precluded for lack of jurisdiction.

motion for partial summary judgment that they are not responsible for providing the government with this information under RCFC Appendix I.

Upon review of the appendices attached to the plaintiffs' complaint and amended complaint, the court agrees with the plaintiffs that their listing of the GBL numbers and amount of CON surcharges allegedly owed and outstanding has put the defendant on notice as to the amount of CON surcharges that have allegedly not been paid. However, the court agrees with the defendant that the plaintiffs failed in many instances to provide the jurisdictional facts – the date of shipment and the date of payment for each of the approximately 38,000 GBLs for which the plaintiffs' allege they are owed CON surcharges – necessary for the court to render judgment in their favor. For some of the plaintiffs' claims there is no date listed at all, and for certain others it is not immediately apparent whether the date listed is meant to correspond to the date of payment, the date of shipment, or some altogether different date. Therefore, the plaintiffs must provide a more definite statement of their claims with respect to: (1) the dates of shipment and (2) the dates of the initial payment for each GBL in question in order to show that they are not seeking payment for CON surcharges after March 31, 2008 or for claims that fall outside the three-year statute of limitations. As discussed in the court's separate order on the parties' cross-motions for partial summary judgment, filed February 22, 2011, the plaintiffs are not obliged to provide a more definite statement regarding which CON surcharges have been paid since the lawsuit was filed. Payment is an affirmative defense

and the government has the burden of establishing that fact. See Energy Northwest v. United States, 91 Fed. Cl. 531, 554 (2010) ("as an affirmative defense, however, the issue of [reimbursement] becomes one in which the Defendant would bear the burden of proof") (citing Siverson v. United States, 710 F.2d 557, 560 (9th Cir. 1983)). Cf. Klamath Irr. Dist. v. United States, No. 2007-5115, 2011 WL 537853, at *12 n.12 (Fed. Cir. 2011) (citing Nat'l Commc'ns Ass'n, Inc. v. AT & T Corp., 238 F.3d 124, 129-31 (2d Cir. 2001) ("The general rule is that the party that asserts the affirmative of an issue has the burden of proving the facts essential to its claim.") (internal quotation marks omitted)).

## III.  CONCLUSION

Accordingly, for the reasons stated above, the court **GRANTS-IN-PART** and **DENIES-IN-PART** the defendant's motion for a more definite statement and **DENIES** the plaintiffs' cross-motion for a waiver of all requirements under RCFC Appendix I.

The plaintiffs shall have until **March 31, 2011** to file amended appendices clearly identifying for each claim the GBL number, the date of shipment, and the date of payment (i.e. the date on which the government tendered payment on all but the CON surcharges), so that the court may determine which of the plaintiffs' claims are entitled to reimbursement under International Solicitations I-17 through I-19 and which claims are within the ICA's three-year limitations period. The plaintiffs shall also provide a copy of this information to the defendant in an electronic, text-searchable format. The defendant

shall have until **May 2, 2011** to file a status report identifying the specific claims remaining in dispute, if any, and the parties shall have until **June 6, 2011** to file a joint status report detailing the next steps for resolving the case.  No extensions of these deadlines will be permitted.

    **IT IS SO ORDERED.**

    s/Nancy B. Firestone
    NANCY B. FIRESTONE
    Judge