# In the United States Court of Federal Claims

**No. 09-819C**
**(Filed:  February 22, 2011)**

```
* * * * * * * * * * * * * * * *
                               *
ACCELERATED INTERNATIONAL      *
FORWARDERS, LLC, et al.,       *
                               *
            Plaintiffs,        *
                               *
v.                             *
                               *
THE UNITED STATES,             *
                               *
            Defendant.         *
                               *
* * * * * * * * * * * * * * * *
```

## ORDER ON CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT

This case involves a claim for congestion ("CON") surcharges on shipments of

household goods and unaccompanied baggage of Department of Defense ("DOD")

personnel that the plaintiffs allege took place during the period from October 1, 2006

through March 31, 2008 pursuant to government bills of lading ("GBLs").  A GBL is a

contract between an authorized government agent and a DOD-approved carrier by which

the government accepts the carrier's offer to perform transportation services at a set cost.

In order to contract with the government, the carrier must be a pre-qualified

Transportation Service Provider ("TSP").  The plaintiffs are five TSPs that entered into

GBLs with the DOD.  The plaintiffs allege that the government, in breach of its contract,

has failed to pay certain CON surcharges to which the plaintiffs are entitled.[1]

Pending before the court are the parties' cross-motions for partial summary judgment. The plaintiffs have moved for a determination that they are entitled to payment for CON surcharges under the terms of International Personal Property Rate Solicitations ("International Solicitations") I-17, I-18, and I-19. The defendant argues that it is entitled to partial summary judgment on the grounds that 1) the time for reimbursement of CON surcharges expired on March 31, 2008 and thus the plaintiffs are not entitled to reimbursement for CON surcharges on GBLs dated after March 31, 2008, and 2) the government has paid some of the claims identified in the plaintiffs' complaint and those claims must be dismissed. Def.'s Mot. Part. Summ. J. 1, 8, ECF No. 31.

For the reasons that follow, the court **GRANTS** the plaintiffs' motion for partial summary judgment, and **GRANTS-IN-PART** and **DENIES-IN-PART** the defendant's motion for partial summary judgment.

# I. BACKGROUND[2]

As discussed in the court's order on the defendant's motion for a more definite statement and the plaintiffs' cross-motion for waiver of the requirements of RCFC

---

[1] In their complaint, the plaintiffs refer to both CON and port security ("COF") surcharges, however it appears from both parties' pleadings, the appendices filed by the plaintiffs in support of their claim, and the representation of the plaintiffs' counsel to the court in a status conference held on February 10, 2011 that the plaintiffs are seeking only CON surcharges in this case.

[2] The following background facts are taken from the pleadings and are undisputed unless otherwise noted.

Appendix I ("Order for a More Definite Statement"), the plaintiffs are five TSPs that

contracted with the Surface Deployment and Distribution Command ("SDDC") to

provide transportation services for the DOD.  Order for a More Definite Statement, Feb.

22, 2011, ECF No. 49.  The SDDC is a DOD organization responsible for, among other

things, managing the procurement of international personal property shipment programs.

To facilitate these programs, the SDDC solicits qualified carriers to submit rates for

international shipments of personal property, including household goods and

unaccompanied baggage, of military and civilian personnel for certain periods of time.  In

response to these solicitations, TSPs that are interested in participating in the procurement

programs tender single factor rates for shipments ("SFRs") to be effective during the

period of time covered by the SDDC solicitation.

All five plaintiffs tendered SFRs for the performance of shipping services for

household goods and unaccompanied baggage, referred to as "Code T" and "Code J"

shipments, respectively, for International Solicitations I-13, I-14, I-15, I-16, I-17, I-18,

and I-19.  Of particular relevance to this case are International Solicitations I-17, effective

October 1, 2006 through March 31, 2007, I-18, effective April 1, 2007 through

September 30, 2007, and I-19, effective October 1, 2007 through March 31, 2008.  Am.

Compl. ¶ 20.

Following September 11, 2001, during the effective period of I-13, the plaintiffs

began to incur additional costs as a result of the heightened security procedures at the

three air force bases ("AFBs") where the plaintiffs were required to drop off or pick up

cargo:  Dover AFB, McGuire AFB, and Travis AFB.  Def.'s Mot. Part. Summ. J. 3, ECF

No. 31.  SFRs for I-13 were tendered prior to September 11, 2001, and therefore TSPs

could not anticipate and did not incorporate these additional costs.

Effective October 1, 2001, the SDDC amended I-13 to authorize TSPs to bill for

port security/congestion (referred to at that time collectively as "CON") surcharges.  Id. at

App. 4-5.  After the amendment, the SDDC defined the plaintiffs' SFRs for Items 432a

(household goods) and 433a (unaccompanied baggage) as including the following:

> (4) All land, water and air transportation, EXCEPT . . . (d) . . . port
> security/congestion surcharges (CON) . . . where applicable, and when actually
> billed to the ITGBL carrier by ocean freight carrier, air carrier or port agent
> pursuant to regularly filed tariff(s) with the Regulatory Bodies or
> Commissions.  Such charges will be separately stated on the GBL and
> supported by prorated ocean, air carrier or port agent invoices for the actual
> amount."

Id.  This language remained largely unchanged in subsequent International Solicitations I-

14, I-15, and I-16.  Accordingly, TSPs were allowed to bill for the additional CON

surcharges.  After this time, the plaintiffs billed for CON surcharges, and it was the

practice of the SDDC, through the Defense Finance and Accounting Service ("DFAS"),

to pay for billed CON surcharges.  Id. at 4.

On February 24, 2006, the SDDC issued the following statement:

> SDDC has recognized the need to provide a clearly defined description, as well
> as clarify the usage of the item codes [including] . . . Port/Terminal Security
> Handling Surcharge (COF), and Port Congestion Surcharge (CON).  The
> below definitions and application become effective March 1, 2006 and will be

incorporated into the next Personal Property International (I-17) . . . Rate Solicitations.

. . .

**Port/Terminal Security Handling Surcharge (COF)** – An extra charge that is billed to the TSP for security of their cargo while at the port of embarkation/debarkation.  This surcharge is applicable to codes of service 2, 3, 4, 6, 7, and 8.

**Port Congestion Surcharge (CON)** – An extra charge that is billed to the TSP for controlling the congestion of vessels entering/departing the port.  This surcharge is applicable to codes 2, 3, 4, 6, 7 and 8.

. . .

Note 1: . . . Port/Terminal Security Handling, and Port Congestion surcharges are not applicable to shipment codes of service T, 5, and J.

Note 2: . . . With the exception of fuel related surcharges and unless otherwise stated, all surcharges are meant to be temporary in nature in and until the TSP has been provided official notification to incorporate such additional fees into their single factor rate.

Pls.' Resp. & Cross-Mot. Part. Summ. J. App. 13 (emphasis added).

On March 25, 2006, the SDDC issued clarifications of the February 24, 2006

published definitions, application, and TSP responsibilities for, among other things, COF

and CON surcharges, including the following:

1.   The definitions and applications were clarifications to the current International Personal Property Rate Solicitation.  The clarification provided guidance as to how TSPs should have always billed and should continue to bill the listed surcharges.  These clarifications will be incorporated into the next released rate solicitations.  The March 1, 2006 effective date was applicable to date of publishing only, as SDDC has frequently been asked when a document was posted to our website.

. . .

4.   SDDC has reviewed the feedback and invoices provided from industry and have incorporated codes T, J, and 5 into billing code COF.

. . .

9.   CON may be billed by TSP's due to delays entering the port, in addition to extra charges billed to control the congestion of vessels entering/departing the port

Id. at App. 15 (emphasis added).

On April 11, 2006, the SDDC again issued clarifications of the February 24, 2006

published definitions, application, and TSP responsibilities for, among other things, COF

and CON surcharges, including the following additional clarifications:

> 1.   The definitions and applications were clarifications to the current
> International Personal Property Rate Solicitation.  The clarification provided
> guidance as to how TSPs should have always billed and should continue to bill
> the listed surcharges.  These clarifications will be incorporated into the next
> released rate solicitations.  The March 1, 2006 effective date was applicable
> to date of publishing only, as SDDC has frequently been asked when a
> document was posted to our website.
> . . .
>  4. SDDC has reviewed the feedback and invoices provided from industry and
> have incorporated codes T, J, and 5 into billing code COF and CON.

Id. at App. 20 (emphasis added).

When the SDDC issued subsequent rate solicitations, the transportation SFR for

Item 432 (household goods) and Item 433 (unaccompanied baggage) in I-17, I-18, and I-

19 included:

> All land, water and air transportation, EXCEPT: . . . port security surcharges
> (COF) [and] port congestion surcharges (CON) . . . where applicable, and
> when actually billed to the ITGBL Transportation Service Provider by ocean
> freight Transportation Service Provider, air Transportation Service Provider
> or port agent pursuant to regularly filed tariff(s) with the Regulatory Bodies or
> Commissions. Such charges will be separately stated on the GBL and
> supported by prorated ocean, air Transportation Service Provider or port agent
> invoices for the actual amount.

Id. at App. 25-26; see also SDDC, International Solicitation I-17 (Oct. 1, 2006), available

at http://www.sddc.army.mil/sddc/Content/Pub/36516/CS.pdf; SDDC, International

Solicitation I-19 (Oct. 1, 2007), <u>available at</u>

http://www.sddc.army.mil/sddc/Content/Pub/40577/A-I-19%20Complete.pdf.

On or about September 2007, the General Services Administration directed the

DFAS to deny reimbursement of CON surcharges unless the billings were invoiced by a

port or an agent of a port, rather than billed on the invoice of a TSP or a TSP's port agent.

Def.'s Mot. Part. Summ. J. App. 6, ECF No. 31; Am. Compl. ¶ 25.  Reimbursement of

CON surcharges expired by March 31, 2008, concurrent with the expiration of I-19.

The plaintiffs' complaint, filed November 25, 2009 and amended May 7, 2010,

lists claims totaling $849,284.49 for CON surcharges on approximately 38,000 GBLs.

On August 6, 2010, the court issued an order scheduling briefing on motions for partial

summary judgment, which stated in relevant part:

> [I]f the parties are unable to reach an agreement, the government . . . shall file
> its motion for partial summary judgment on the issue of whether the definitions
> of CON and CO[F] surcharges as provided in International Solicitations I-17,
> I-18 and I-19 entitled the plaintiffs to reimbursement for delays and other
> waiting times.

Order, Aug. 6, 2010, ECF-24.

On September 30, the defendant filed its cross-motion for partial summary

judgment on the grounds that 1) the time for reimbursement of CON surcharges expired

on March 31, 2008 and thus the plaintiffs are not entitled to reimbursement for CON

surcharges on other GBLs dated after March 31, 2008 and 2) the defendant has paid some

of the GBLs identified in the plaintiffs' complaint.  Def.'s Mot. Part. Summ. J. 1, 8, ECF

No. 31.  The government did not address the issue identified in the court's August 6, 2010 order.

On October 9, 2010, the plaintiffs filed their cross-motion, addressing the issue in the court's August 6, 2010 order and arguing that they are entitled to the CON surcharges under the terms of International Solicitations I-17, I-18, and I-19.  The defendant filed a response on December 9, 2010, and again did not address the legal merits of the issue identified in the court's August 6, 2010 order and the plaintiffs' motion.  Briefing was completed on these issues on December 16, 2010.

## II.  JURISDICTION AND STANDARD OF REVIEW

The Tucker Act confers jurisdiction upon the Court of Federal Claims to hear claims arising from "any express or implied contract with the United States."  28 U.S.C. § 1491(a)(1) (2006).  The court has jurisdiction here because the matter arises from transportation service contracts between the United States and the plaintiffs, who are all TSPs.  See Allstar Mayflower, LLC v. United States, 93 Fed. Cl. 169, 171 (2010) ("Plaintiffs claims arise out of, and in fact, could not exist but for the transportation service contracts with the SDDC."); Stevens Van Lines, Inc. v. United States, 80 Fed. Cl. 276, 279-80 (2008).

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Rule

56(c)(1) of the Rules of the United States Court of Federal Claims ("RCFC"); see also

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Casitas Mun. Water Dist.

v. United States, 543 F.3d 1276, 1283 (Fed. Cir. 2008); Telemac Cellular Corp. v. Topp

Telecom, Inc., 247 F.3d 1316, 1323 (Fed. Cir. 2001) (citation omitted). In considering a

motion for summary judgment, the court's role is not to "weigh the evidence and

determine the truth of the matter but to determine whether there is a genuine issue for

trial." Liberty Lobby, 477 U.S. at 249. "The evidence of the nonmovant is to be

believed, and all justifiable inferences are to be drawn in his favor." Id. at 255; see also

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986); Lathan

Co., Inc. v. United States, 20 Cl. Ct. 122, 125 (1990); Casitas Mun. Water Dist., 543 F.3d

at 1283. Cross-motions for summary judgment do not constitute admissions that no

genuine issues of material fact remain. See Massey v. Del Labs., Inc., 118 F.3d 1568,

1573 (Fed. Cir. 1997). "Each party carries the burden on its own motion to show

entitlement to judgment as a matter of law after demonstrating the absence of any genuine

disputes over material facts." Id.

## III. DISCUSSION

### A. The Plaintiffs' Cross-Motion for Partial Summary Judgment

The plaintiffs argue in their partial summary judgment motion that the defendant is

liable for CON surcharges under the terms of International Solicitations I-17, I-18, and

I-19 and that the plaintiffs are entitled to reimbursement for any such outstanding

surcharges not barred by the statute of limitations. The plaintiffs argue that the definition

of CON, added to the International Solicitations beginning with I-17, did not change the

application of Items 432 and 433 (household goods and unaccompanied baggage) so as to

deprive TSPs, such as the plaintiffs, of reimbursement for CON surcharges. Specifically,

the plaintiffs argue that the SDDC's February 24, 2006 message notifying TSPs of the

addition of the definition for CON was clarified by the SDDC's April 11, 2006 message

making clear that CON surcharges could be billed under codes T and J (household goods

and unaccompanied baggage), and that the February 24, 2006 message merely constituted

"guidance as to how TSPs should have always billed and should continue to bill the listed

surcharges." Pls.' Resp. & Cross-Mot. for Part. Summ. J. App. 20. The plaintiffs

contend that the respective definitions of SFRs for household goods and unaccompanied

baggage in international solicitations I-17 through I-19 maintained the same meaning and

effect as prior international solicitations I-13 through I-16 by stating that SFRs for those

items excepted CON surcharges actually billed to the TSP by a port agent. The plaintiffs

note that the SDDC's messages each contained a note stating that "unless otherwise

stated, all surcharges are meant to be temporary in nature in and until the TSP has been

provided official notification to incorporate such additional fees into their single factor

rate." Id. at App. 13, 16, 21. The plaintiffs argue that until I-20 the SDDC did not give

TSPs notice of termination of reimbursement of CON surcharges or require them to be

incorporated into their single factor rate, and therefore the defendant was obligated to pay

all surcharges actually billed to the plaintiffs by their port agent prior to April 1, 2008.

The plaintiffs observe that the defendant, in its response to the plaintiffs' motion, did not address the issue of whether the definition of CON surcharges, as provided in International Solicitations I-17, I-18 and I-19, entitled the plaintiffs to reimbursement for delays and other waiting times, as called for in the court's August 6, 2010 order, and therefore argue that the defendant has conceded this issue.

The court agrees with the plaintiffs. Both parties agree that from the time I-13 was amended to provide reimbursement for CON surcharges through March 31, 2008 the plaintiffs billed for CON surcharges, and it was the practice of the SDDC to pay for billed CON surcharges. Def.'s Mot. Part. Summ. J. 4, ECF No. 31. Indeed, both parties are in agreement that this practice continued even as late as September 2007, during the effective dates of I-17. Id. at 4, App. 6; Am. Compl. ¶ 25. There is also no dispute that the definition for CON surcharges remained the same from I-17 through I-19. While the defendant has conceded the issue by failing to address it, the court has confirmed the plaintiffs' reading. Having reviewed the sequence of messages from the SDDC in 2006, the court finds that the SDDC intended to maintain its practice of reimbursing CON surcharges, until such time as the SDDC provided the TSPs "official notification to incorporate such additional fees into their single factor rate." Pls.' Resp. & Cross-Mot. Part. Summ. J. App. 13. Note 1 to the definitions listed in the SDDC's February 24, 2006 message provided that shipments of household goods and unaccompanied baggage would

no longer have been eligible for COF or CON surcharges.  See id. at App. 13

("Port/Terminal Security Handling, and Port Congestion surcharges are not applicable to

shipment codes of service T [household goods], 5, and J [unaccompanied baggage].").

However, the later clarifications issued in the SDDC's March 25, 2006 message, after the

SDDC had reviewed feedback and invoices from industry, provided that shipments of

household goods and unaccompanied baggage would have been eligible for COF

surcharges, but would remain ineligible, under the terms of the February 24 message, for

CON surcharges.  Id. at App. 15 ("SDDC has reviewed the feedback and invoices

provided from industry and have incorporated codes T [household goods], J

[unaccompanied baggage], and 5 into billing code COF.").  Finally, the clarifications

issued in the SDDC's April 11, 2006 message provided that shipments of household

goods and unaccompanied baggage were eligible for both COF and CON surcharges.  Id.

at App. 20 ("SDDC has reviewed the feedback and invoices provided from industry and

have incorporated codes T [household goods], J [unaccompanied baggage], and 5 into

billing code COF and CON.").  Moreover, the April 11, 2006 message from the SDDC

makes clear that these definitions merely constituted "guidance as to how TSPs should

have always billed and should continue to bill the listed surcharges."  Id.  Accordingly,

the court finds, as the plaintiffs' argue, that the defendant is liable for CON surcharges

under the terms of International Solicitations I-17, I-18, and I-19.  Thus, the plaintiffs are

entitled to reimbursement for any such outstanding surcharges not barred by the statute of

limitations.[3]

## B. The Defendant's Cross-Motion for Partial Summary Judgment

The defendant has cross-moved for partial summary judgment on the grounds that 1) the time for reimbursement of CON surcharges expired on March 31, 2008 and thus the plaintiffs are not entitled to reimbursement for CON surcharges on other GBLs dated after March 31, 2008 and 2) the defendant has paid some of the GBLs identified in the plaintiffs' complaint.

On the issue of liability, both parties agree that the right to reimbursement expired as of March 31, 2008, and therefore the plaintiffs are not entitled to reimbursement for CON surcharges with dates of shipment after March 31.  The defendant identifies Attachments 5B, 6B, and 7A to the plaintiffs' complaint as including GBLs with dates after March 31, 2008 and Attachments 7B, 8A, 8B, and 9 as including GBLs with no dates listed.  The defendant notes that the claims associated with these GBLs may therefore be subject to dismissal.  However, as explained in the court's order for a more definite statement, there exists a genuine issue of material fact as to the dates of shipment

---

[3] As explained in the court's order for a more definite statement, the plaintiffs' claims are subject to the three-year limitations period under the Interstate Commerce Act, 49 U.S.C. § 11705(a), (f) (2006).  Order for a More Definite Statement 5 n.3, Feb. 22, 2011, ECF No. 49.  However, because there is no dispute that at least some of the claims are not barred by the three-year limitations period, resolution of the issue of liability is proper.  See, e.g., Compl. Attachment 5A (listing certain GBLs with dates of shipment (pickup date) prior to March 31, 2008 and dates of payment (posting date) within the applicable three-year limitations period); Def.'s Mot. Part. Summ. J. 7, ECF No. 31 (arguing that certain of plaintiffs' claims have been paid or approved for payment).

for the GBLs in question.  Order for a More Definite Statement, Feb. 22, 2011, ECF No.

49 ("For some of the plaintiffs' claims there is no date listed at all, and for certain others

it is not immediately apparent whether the date listed is meant to correspond to the date of

payment, the date of shipment, or some altogether different date.").  Accordingly,

summary judgment with respect to any particular shipment is denied.

On the issue of payment, the defendant argues that it is entitled to partial summary

judgment on the grounds that it has paid certain of the plaintiffs' claims for previously

unpaid CON surcharges since the lawsuit was filed and that any paid claims must be

dismissed.  The plaintiffs do not dispute that if the defendant meets its burden to prove

payment of any individual claim, then they are not entitled to double payment for that

claim.  As an attempt to prove payment, the defendant has sampled 450 of the

approximately 38,000 GBLs listed in the plaintiffs' complaint.  In the course of its

review, the defendant asserts that it found records for 142 of the GBLs sampled within

the Army's Central Web Application.  Of those 142 GBLs, the defendant claims to have

found records that 108 have been approved for payment, 27 have been denied payment,

and 7 did not list a CON surcharge line item.  Def.'s Mot. Part. Summ. J. App. 7-16, ECF

No. 31.  The defendant acknowledges that it must still review the remainder of the

approximately 38,000 GBLs that are identified in the complaint to determine which have

been paid and which have been rejected for payment by various DOD installations.

The court finds that there remains a genuine issue of material fact on the question

of payment.  The defendant's asserted findings after sampling 450 of the plaintiffs'

approximately 38,000 GBLs, which include an assertion that <u>approval of payment</u> had

been made for only 108 GBLs, is insufficient to resolve the question of whether the

plaintiffs have <u>in fact been paid</u> for the 450 GBLs sampled, let alone the balance of GBLs

in dispute in this case.  At trial, the defendant will bear the burden of proof on the issue of

payment as an affirmative defense.  <u>See</u> <u>Energy Northwest v. United States</u>, 91 Fed. Cl.

531, 554 (2010) ("as an affirmative defense, however, the issue of [reimbursement]

becomes one in which the Defendant would bear the burden of proof") (citing <u>Siverson v.</u>

<u>United States</u>, 710 F.2d 557, 560 (9th Cir. 1983)).  <u>Cf.</u> <u>Klamath Irr. Dist. v. United States</u>,

No. 2007-5115, 2011 WL 537853, at *12 n.12 (Fed. Cir. 2011) (citing <u>Nat'l Commc'ns</u>

<u>Ass'n, Inc. v. AT & T Corp.</u>, 238 F.3d 124, 129-31 (2d Cir. 2001) ("The general rule is

that the party that asserts the affirmative of an issue has the burden of proving the facts

essential to its claim.") (internal quotation marks omitted)).

## IV.  CONCLUSION

Accordingly, for the reasons stated above, the court **GRANTS** the plaintiffs'

motion for partial summary judgment and **GRANTS-IN-PART** and **DENIES-IN-PART**

the defendant's motion for partial summary judgment.

**IT IS SO ORDERED.**

s/Nancy B. Firestone        
NANCY B. FIRESTONE
Judge
